**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

JEROLINE RUCKER PITTMAN,      \*
          \*
      Claimant,        \*
          \*
v.             \*      CASE NO. 3:12-cv-51 CDL MSH
          \*      Social Security Appeal
MICHAEL J. ASTRUE, Commissioner of      \*
Social Security,        \*
          \*
      Defendant.      \*

## REPORT AND RECOMMENDATION

Before the court is the Defendant's Motion to Dismiss Claimant's action, filed on August 14, 2012. (ECF No. 6.)  Claimant filed her response on October 5, 2012 (ECF No. 9), and Defendant filed a reply on October 15, 2012 (ECF No. 10).  For the reasons set out below, Defendant's motion to dismiss should be denied.

## LEGAL STANDARD

When considering a motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at

555.  "[A] formulaic recitation of the elements of a cause of action will not do[.]"  *Id.*

Although the complaint must contain factual allegations that "raise a reasonable

expectation that discovery will reveal evidence of" the plaintiff=s claims, *id.* at 556, "Rule

12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes

a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int=l Univ.,*

495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## Administrative History

A review of the record submitted by the parties reveals that Claimant filed

applications for Disability Insurance Benefits and Supplemental Security Income on May

16, 2006.  (Tr. 115-123; ECF No. 7.)  Claimant alleges disability since July 2003 due to

brain damage from a traumatic head injury, mental retardation or extremely low cognitive

functioning, psychotic delusions, illiteracy, depression, memory loss and a variety of

physical ailments (Cl.'s Br. 3; ECF No. 7).  On February 21, 2007, the Commissioner

granted benefits to Claimant as of the date of her applications.  (Tr. 13, 36, 48, 291.)

The Commissioner, however, denied Claimant benefits for the period prior to that date.

Claimant thereafter filed a request for an administrative hearing as to the partial denial of

benefits on February 26, 2007.  (Tr. 50.)

On March 10, 2009, Claimant was notified via mail that her hearing was

scheduled for April 16, 2009.  (Tr. 51.)  Claimant's attorney requested a continuance of

that hearing, which was granted.  On August 11, 2009, Claimant and her attorney

representative were mailed a Notice of Hearing, which had re-scheduled a video hearing

in Claimant's case for September 10, 2009.  (Tr. 81.)  Claimant thereafter acknowledged

receipt of the Notice of Hearing by returning the acknowledgement form two days later checking the box indicating "I will be present at the time and place shown on the Notice of Hearing." (Tr. 104.)  Two days prior to the hearing, Claimant, through her attorney, demanded an in-person hearing, rather than a video hearing.  Because the request was not sent at the earliest possible opportunity before the time set for the hearing that she objected to appearing at a video hearing, the ALJ denied her request to reschedule the hearing.  *See* 20 C.F.R. § 404.936(d), (e), 416.1436(d)(e) (Tr. 38-40.)  On September 18, 2009, the ALJ dismissed Claimant's action after she and her counsel failed to appear at the hearing.  (Tr. 10-13.)

On March 6, 2010, Claimant's attorney filed a request for Review of the Hearing Decision (Tr. 6-7) which the Appeals Council subsequently denied on April 27, 2010 (Tr. 1-3).  This appeal followed.

## DISCUSSION

The sole issue for review in Defendant's motion to dismiss is whether this Court has subject matter jurisdiction to review the Claimant's allegations.  Subject matter jurisdiction for judicial review on claims arising under the Social Security Act (Act) is provided for and limited by 42 U.S.C. § 405(g) and (h), as well as 42 U.S.C. § 1383(c)(1).  Under the Act, a court may review a "final decision of the Secretary made after a hearing to which [the claimant] was a party."  *Id.*   In order to obtain a "final decision," a claimant must follow the administrative procedures prescribed by the Commissioner.  If a claimant does not exhaust these procedures, the claimant may obtain

judicial review only if he raises a constitutional claim.  *Califano v. Sanders*, 430 U.S. 104, 109 (1977).

In this case, the Defendant argues that Claimant has not received a "final decision" by the Commissioner because her case was dismissed for her failure to appear at the administrative hearing.  (Df.'s Br. in Support of Mot. to Dismiss 1; ECF No. 6-1.)  Thus, Defendant argues that this Court is without subject matter jurisdiction to review her claims.

In response, Claimant cites the Eleventh Circuit's decision in *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983) which was relied upon by this Court in *Macheski v. Leavitt*, 2007 WL 2710466 at *5 (M.D.Ga Sept. 13, 2007), to argue that this Court does has jurisdiction to review her claim.  Claimant's reliance on *Bloodsworth* via *Macheski* is well taken in this case.  In *Bloodsworth*, the Eleventh Circuit determined that the Appeals Council's denial of an untimely request to review an ALJ's decision made after a hearing is a "final decision" which is subject to judicial review.  *Bloodsworth*, 703 F.2d at 1238.   The facts in *Bloodsworth* show that a "final decision" in that case was made after a hearing.  The present case, however, was dismissed for Claimant's failure to appear at the scheduled hearing.  In *Macheski,* this Court construed *Bloodsworth* to apply when an ALJ dismisses a claimant's request for a hearing.  *Macheski*, 2007 WL 2710466 at *4. The Court specifically stated that

> The adoption of the [Commissioner's] argument would also leave Plaintiff
> with no recourse whatsoever. He cannot seek further administrative review
> because he has exhausted all of his administrative remedies, and yet under
> the [Commissioner's] argument he is foreclosed from judicial review
> because he has not exhausted his administrative remedies. Leaving Plaintiff

"permanently in limbo" under these circumstances was rejected in *Bloodsworth. Id.*

Thus, for purposes of exhaustion, it is this Court's determination that Claimant has received a final judgment from the SSA.   Accordingly, it is found that this Court has subject matter jurisdiction to review Claimant's appeal of the ALJ's dismissal of her claim due to her failure to appear at the hearing.

WHEREFORE, it is hereby recommended that Defendant Social Security Administration's Motion to Dismiss be DENIED and that the Defendant be required to file an Answer as to the issue of whether the ALJ erred in dismissing Claimant's case for her failure to appear at the hearing.   Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this   recommendation with the UNITED STATES DISTRICT JUDGE   within fourteen (14) days after being served a copy of this recommendation.

**SO RECOMMENDED** this 28th day of November, 2012.


S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE