IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JEROLINE RUCKER PITTMAN, | * | |
| | * | |
| Claimant, | * | |
| | * | |
| v. | * | CASE NO. 3:12-cv-51 CDL MSH |
| | * | Social Security Appeal |
| MICHAEL J. ASTRUE, Commissioner of | * | |
| Social Security, | * | |
| | * | |
| Defendant. | * | |

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, dismissed Claimant's application for disability insurance benefits and supplemental insurance benefits after she and her counsel failed to show for the scheduled hearing in front of the ALJ. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**Administrative History**

A review of the record submitted by the parties reveals that Claimant filed applications for Disability Insurance Benefits and Supplemental Security Income on May 16, 2006. (Tr. 115-123; ECF No. 7.) Claimant alleges disability since July 2003 due to brain damage from a traumatic head injury, mental retardation or extremely low cognitive functioning, psychotic delusions, illiteracy, depression, memory loss and a variety of physical ailments (Cl.'s Br. 3; ECF No. 7). On February 21, 2007, the Commissioner

granted benefits to Claimant as of the date of her applications. (Tr. 13, 36, 48, 291.) The Commissioner, however, denied Claimant benefits for the period prior to that date. Claimant thereafter filed a request for an administrative hearing as to the partial denial of benefits on February 26, 2007. (Tr. 50.)

On March 10, 2009, Claimant was notified via mail that her hearing was scheduled for April 16, 2009. (Tr. 51.) Claimant's attorney requested a continuance of that hearing, which was granted. On August 11, 2009, Claimant and her attorney representative were mailed a Notice of Hearing, which had re-scheduled a video hearing in Claimant's case for September 10, 2009. (Tr. 81.) Claimant thereafter acknowledged receipt of the Notice of Hearing by returning the acknowledgement form two days later checking the box indicating "I will be present at the time and place shown on the Notice of Hearing." (Tr. 104.) Two days prior to the hearing, Claimant, through her attorney, demanded an in-person hearing, rather than a video hearing. Because the request was not sent at the earliest possible opportunity before the time set for the hearing that she objected to appearing at a video hearing, the ALJ denied her request to reschedule the hearing. *See* 20 C.F.R. §§ 404.936(d), (e), 416.1436(d)(e) (Tr. 38-40). On September 9, 2009, Claimant contacted the ALJ's office after learning that the request had been denied and informed the office that Claimant nor her counsel would be present at the hearing. (Tr. 113.) On September 18, 2009, the ALJ dismissed Claimant's action after she and her counsel failed to appear at the hearing. (Tr. 10-13.)

On March 6, 2010, Claimant's attorney filed a request for Review of the Hearing Decision (Tr. 6-7) which the Appeals Council subsequently denied on April 27, 2010 (Tr. 1-3). This appeal followed.

## DISCUSSION

The sole issue in this case is whether the ALJ committed reversible error by dismissing Claimant's request for an in-person hearing. (Cl.'s Br. 5, ECF No. 15.) Specifically, Claimant argues that the ALJ "violated the Social Security Administration's (SSA) regulations, Agency policy, and fundamental fairness" rules when he dismissed her motion.

> 20 C.F.R. § 404.936(d) states that:
>
> If you object to the time or place of your hearing, you must notify us at the earliest possible opportunity before the time set for the hearing. You must state the reason for your objection and state the time and place you want the hearing to be held. If at all possible, the request should be in writing. We will change the time or place of the hearing if the administrative law judge finds you have good cause, as determined under paragraphs (e) and (f) of this section.

Further, in § 404.936(e), the Regulations state that good cause for rescheduling a video teleconference will be found where:

> If you have been scheduled to appear for your hearing by video teleconferencing and you notify us as provided in paragraph (d) of this section that you object to appearing in that way, the administrative law judge will find your wish not to appear by video teleconferencing to be a good reason for changing the time or place of your scheduled hearing and we will reschedule your hearing for a time and place at which you may make your appearance before the administrative law judge in person.

In this case, the Claimant had already been granted two continuances in her case. Furthermore, Claimant acknowledged receipt of the notice of a video teleconference

3

hearing when she returned the form having checked the box stating that she would be present for the September 10, 2009 hearing. It was not until two days prior to the hearing that Claimant notified the ALJ that she objected to the video teleconference hearing. After learning that the request was denied, Claimant's counsel informed the ALJ's office that neither she nor Claimant would be present for the hearing.

Although objecting to a video teleconferenced hearing constitutes good cause for rescheduling an administrative hearing in most instances pursuant to 20 C.F.R. § 404.936(e), the objection must be in compliance with § 404.936(d) which requires that a claimant notify the ALJ at the earliest possible opportunity before the time set for the hearing if she requests an in-person hearing. Claimant did not comply with § 404.936(d). Thus, it was within the ALJ's discretion to deny the request to reschedule the hearing. It was further within the discretion of the ALJ to dismiss Claimant's claims after she and her counsel failed to appear at the scheduled hearing. *See* 20 C.F.R. § 404.957(b)(1)(i).

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 29th day of July, 2013.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE